UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARY KATHLEEN ADAMS,<br><br>  Plaintiff,<br><br>v.<br><br>SAFE HOME SECURITY, INC.,<br><br>  Defendant. | Case No. 3:18-cv-03098<br><br>Honorable Barbara M.G. Lynn |

**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT
SAFE HOME SECURITY INC.'s RULE 12(b)(6) MOTION TO DISMISS**

SULAIMAN LAW GROUP, LTD.
Taxiarchis Hatzidimitriadis, Esq. #6319225
Admitted in the Northern District of Texas
2500 S. Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com

*Counsel for Plaintiff*

**TABLE OF CONTENTS**

Table of Authorities……………………………………………………………………………….3-5

Preliminary Statement……………………………………………………………………...……6-7

Factual Allegations………………………………………………………………………...……....7-8

Standard of Review………………………………………………………………………………..8-9

Legal Arguments…………………………………………………………………………………..10-16

      A.  Plaintiff has Sufficiently Plead Viable Claims under the TCPA…………………10-15

      B.  Plaintiff has Alleged Viable Claims Under the TDCA……………….…..…..…15-16

Conclusion…………………………………………………………………………...…………….16-17

# Table of Authorities

**Cases**

*Adams v. Ocwen Loan Servicing, LLC*,
2018 U.S. Dist. LEXIS 184513, at *8 (S.D. Fla. Oct. 26, 2018) ………………………………..14

*Al-Kidd v. Ashcroft*,
580 F.3d 949, 956 (9th Cir. 2009)……………………………………………………………...9

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937 (2009)…………………………………………………………..9

*Baker v. Putnal,*
75 F.3d 190, 196 (5th Cir. 1996)……………………………………………………………….9

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544, 127 S. Ct. 1955 (2007)……………………………………………...…9, 12, 16

*Braden v. Wal-Mart Stores, Inc.*,
588 F.3d 585, 595 (8th Cir. 2009)……………………………………………………….…..9

*Crawford v. Target Corp.,*
2014 U.S. Dist. LEXIS 159203, *7 (N.D. Tex. Nov. 10, 2014) ………………………..………10

*Cunningham v. Techstorm, LLC,*
2017 U.S. Dist. LEXIS 25047, *7 (N.D. Tex. Feb. 23, 2017) …………………………………10

*Evans v. Corinthian Colleges, Inc.*,
2014 U.S. Dist. LEXIS 85569 (S.D Ind. June 23, 3014)………………………………………..11

*Flagg v. Stryker Corp.,*
647 F. App'x 314, 319 (5th Cir. 2016)………………………………………………………….9

*Ford v. Neese*,
119 F.3d 560, 563 (7th Cir. 1997) ……………………………………………………………17

*Gamboa v. Merrick Bank Corp*,
2016 U.S. Dist. LEXIS 188589, *17-19 (N.D. Ga. Nov. 30, 2016)……………………………..11

*Gonzalez v. Ocwen Loan Servicing, LLC,*
2018 U.S. Dist. LEXIS 153480, at *16-17 (M.D. Fla. Sep. 5, 2018)……………………...6, 12-13

*Hanley v. Green Tree Servicing, LLC,*
934 F. Supp.2d 977, 982 (N.D. Ill. 2013) ……………………………………………………..10

*Hayes v. Receivables Performance Mgmt., LLC*,
2018 U.S. Dist. LEXIS 165084, n. 5 (N.D. Ill. 2018) …………………………………………..12

*In re S. Scrap Material Co., LLC*,
541 F.3d 584, 587 (5th Cir. 2008)……………………………………………………………...9

*Justice v. Town of Cicero*,
577 F.3d 768, 771 (7th Cir. 2009) ……………………………………………………………..9

*Langston v. Cach, LLC*,
14-cv-08642 at *2 (N.D. Ill. 2015) ……………………………………………………………...12

*Maes v. Charter Commun.*,
2018 U.S. Dist. LEXIS 185183, at *12-14 (W.D. Wis. Oct. 30, 2018) …………………………11

*Marks v. Crunch San Diego, LLC*,
2018 U.S. App. LEXIS 26883 (9th Cir. Sep. 20, 2018)…………………………………7, 9, 14-15

*Neptune v. Whetstone Partners, LLC,*
34 F. Supp. 2d 1247, 1250 (S.D. Fla. 2014) ……………………………………………..………11

*Pinkus v. Sirius XM Radio, Inc.*,
319 F. Supp. 3d 927 (N.D. Ill. 2018)………………………………………………………….6, 13

*Robinson v. Wells Fargo Bank, N.A.*,
576 F.App'x 358 (5th Cir. 2014) ………………………………………………………………..15

*Smith v. Conn Credit Corp.*,
2017 U.S. Dist. LEXIS 51623, at *4-5 (S.D. Tex. Apr. 5, 2017) ……………………………15-16

*Tamayo v. Blagojevich,*
526 F.3d 1074 (7th Cir. 2008)…………………………………………………………………...11

*Torres v. Nat'l Enter. Sys., Inc.,*
2012 WL 3245520, at *3 (N.D. Ill. 2012) ……………………………………………………….12

*Vila v. Inter-Am. Inv. Corp.*,
570 F.3d 274, 285 (D.C. Cir. 2009) ………………………………………………………………9

*White v. Synchrony Bank,*
2015 U.S. Dist. LEXIS 134629 (M.D. Fla. Oct. 2, 2015) ………………………………………11

**Statutes**

47 U.S.C. § 227 (b)(1)(A)(iii)…………………………………………………..…………7, 10, 14

Tex. Fin. Code Ann. § 392.304……………………………………………………………15-16

**Other Authorities**

Fed. R. Civ. P. 12……………………………………………………………….……6, 8-10, 12

Fed. R. Civ. P. 8………………………………………………………………………………..12

NOW comes MARY KATHLEEN ADAMS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., responding to SAFE HOME SECURITY, INC.'s ("Defendant") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Defendant's Motion"), and in support thereof states as follows:

## I.  PRELIMINARY STATEMENT

Defendant's Motion is unfounded, considering the case law cited therein is completely inapposite with the facts at hand. Defendant spends page after page discussing the history of the Telephone Consumer Protection Act ("TCPA"), including regulations promulgated by the Federal Communications Commission ("FCC"), just to establish that the 2003 Order set forth by the FCC is still upheld through the present day. Defendant then supports its sole argument with *one* non-binding and out-of-circuit case in *Pinkus v. Sirius XM Radio, Inc.*, 319 F. Supp. 3d 927 (N.D. Ill. 2018). Yet, what is notably absent from Plaintiff's Complaint is the term "predictive dialer," which is central to the *Pinkus* matter. Given the fact that Courts across the country have found, time and again, that allegations similar to that of Plaintiff's here pass muster under Fed. R. Civ. P. 12(b)(6), it is clear that Defendant's attempt to dispose of this matter is premature and baseless.

Particularly at this stage in the proceedings where Plaintiff has not even been provided with the right to complete discovery, it is not feasible for Plaintiff to allege any additional facts to describe Defendant's system. *See Gonzalez v. Ocwen Loan Servicing, LLC*, No. 5:18-cv-340-Oc-30PRL, 2018 U.S. Dist. LEXIS 153480, at *16-17 (M.D. Fla. Sep. 5, 2018) ("After all, there is no way for a plaintiff to know the technological capabilities of the device used to place a call short of a caller admitting the fact presuit or the plaintiff learning that information during discovery"). While Defendant consistently discusses predictive dialers, Plaintiff cannot be expected to ascertain the precise specifications that allow Defendant's telephone system to place telephone calls. Even

if Plaintiff's allegations allude to the use of a predictive dialer, courts across the country have found that "a conclusion that the device [Defendant] used is a predictive dialer does not exclude the possibility that the device is also an ATDS." *Id.* at *16.

Ultimately, while Defendant mischaracterizes the allegations in Plaintiff's Complaint, as it disingenuously states that the "sole factual allegation" is "the significant pause, lasting several seconds in length," (Dkt. 13, p. 3); in actuality, Plaintiff has set forth a number of facts, that when taken together, support her assertion that Defendant employed an Automatic Telephone Dialing System ("ATDS") to place calls to her cellular ("cell") phone. Coupled with the surfeit of authority supporting Plaintiff's claims, including the most recent federal appellate authority which has explicitly analyzed the plain meaning of an ATDS under 47 U.S.C. § 227(a), it is evident that Plaintiff has properly plead claims under the TCPA and that Defendant's Motion should be denied in its entirety. *See Marks v. Crunch San Diego, LLC*, No. 14-56834, 2018 U.S. App. LEXIS 26883 (9th Cir. Sep. 20, 2018).

Defendant also moves to dismiss Plaintiff's claims arising under the Texas Debt Collection Act ("TDCA"). However, Defendant's only support comes from an opinion at the summary judgment level, and Defendant neglects to apprise this court of the most relevant case law on the issue, which actually supports the denial of Defendant's Motion.

II. **FACTUAL ALLEGATIONS**

Plaintiff had previously entered into a contract with Defendant for home security services, but that contract has since expired. (Dkt. 1 at ¶¶ 14). During the summer of 2018, Plaintiff began receiving calls to her cellular ("cell") phone, from Defendant, who was seeking to collect upon purportedly past due payments Plaintiff is said to owe Defendant in connection with the home security services ("subject debt"). *Id.* at ¶ 16. Upon answering Defendant's phone calls, Plaintiff

experienced a significant pause, lasting several seconds in length, before she was connected with a live representative. *Id.* at ¶ 13. The subject debt for which Defendant was seeking to collect upon was incorrectly assessed to Plaintiff, and Plaintiff apprised Defendant of its erroneous accounting. *Id.* at ¶¶ 15-16. As a result of Defendant's systematic phone calls, as well as its refusal to alleviate its own mistake, Plaintiff demanded that Defendant cease calling her cell phone. *Id.* at ¶¶ 17-18. In spite of Plaintiff's demands, Defendant continued to place at least 20 phone calls to Plaintiff's cell phone in an attempt to collect upon the subject debt. *Id.* at ¶¶ 19-20.

Plaintiff's Complaint sets forth the statutory definition of an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." (Dkt. 1, ¶ 25). Plaintiff then advances clear factual support demonstrating that Defendant employed an ATDS to place calls to Plaintiff's cell phone, including the following:

- "Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The significant pause, lasting several seconds in length, which Plaintiff experienced prior to being connected with one of Defendant's representatives is instructive that an ATDS was being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS." *Id.* at ¶ 26.

- "Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have given to Defendant in connection with her receiving services from Defendant was explicitly revoked by Plaintiff's demands that it cease contacting her." *Id.* at ¶ 27.

As will be seen by the supporting case law cited herein, these facts clearly demonstrate Defendant's use of an ATDS at the Fed. R. Civ. P. 12(b)(6) stage.

### III. STANDARD OF REVIEW

A Plaintiff must only present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under

Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim must only meet the low threshold of being plausible– not certain or even probable. *Twombly*, 550 U.S. at 556 (holding that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that recovery is very remote and unlikely.") (internal quotation marks omitted).

A complaint states a plausible claim for relief if the "factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 643. The Court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996)). Indeed, "*Twombly* and *Iqbal* did not change this fundamental tenet of Rule 12(b)(6) practice." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009) (citing Iqbal, 556 U.S. at 663; *Vila v. Inter-Am. Inv. Corp.*, 570 F.3d 274, 285 (D.C. Cir. 2009); *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009); *Al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009)). "[W]e must remember that the question at the motion to dismiss stage is not whether [Plaintiff] has proven the elements to succeed . . . or even whether he has made 'detailed factual allegations[;]' . . . [t]he question is whether [Plaintff] has plausibly alleged enough information that, with discovery, he could prove [] Defendants are liable." *Flagg v. Stryker Corp.,* 647 F. App'x 314, 319 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678) (emphasis in original). "*Twombly* and *Iqbal* were designed to avoid subjecting defendants to lengthy and expensive discovery when the plaintiff is merely on a fishing expedition . . . . They are not a basis to shield [defendants] from liability." *Flagg*, 647 F. App'x at 318.

IV. **LEGAL ARGUMENTS**

    A. **Plaintiff has Sufficiently Plead Viable Claims under the TCPA.**

        1. **Courts Have Routinely Found Similar Factual Allegations to Pass Muster Under Fed. R. Civ. P. 12(b)(6).**

To state a cause of action under the TCPA, a plaintiff must allege that: (1) a call was made; (2) the caller used an [ATDS] or artificial or prerecorded voice; (3) the telephone number called was assigned to a cellular telephone services; and (4) the caller did not have prior express consent of the recipient. *Hanley v. Green Tree Servicing, LLC,* 934 F. Supp.2d 977, 982 (N.D. Ill. 2013) citing 47 U.S.C. § 227(b)(1)(A)(iii).

Here, Plaintiff clearly satisfies these elements, as Plaintiff's Complaint explicitly states that Defendant called Plaintiff's cell phone using an ATDS after Plaintiff had revoked consent to do so. (Dkt. 1 at ¶¶ 9-23). The only factor challenged by Defendant's Motion is whether Plaintiff has set forth sufficient facts in alleging that Defendant employed an ATDS to place the unconsented phone calls to Plaintiff's cell phone. Plaintiff has sufficiently done so, especially under the federal notice pleading standard.

Courts across the country have denied motions to dismiss where plaintiffs have alleged analogous facts as Plaintiff has here. For instance, *See Crawford v. Target Corp.,* No. 3:14-cv-0090, 2014 U.S. Dist. LEXIS 159203, *7 (N.D. Tex. Nov. 10, 2014) (finding plaintiff to have alleged facts sufficient to establish Defendant's use of an ATDS when plaintiff alleged "that . . .upon answering Defendant's calls, she experienced periods of silence before hearing a live representative on the line"); s*ee also, Cunningham v. Techstorm, LLC,* No. 3:16-cv-2879, 2017 U.S. Dist. LEXIS 25047, *7 (N.D. Tex. Feb. 23, 2017) ("the Court notes that Plaintiff's description of the calls as including dead-air time is sufficient to establish use of an [ATDS]"); *see also, Loveless,* 2015 U.S. Dist. LEXIS 29982, at *8 (finding plaintiff's allegations regarding defendant's

use of an ATDS, "particularly . . . allegations regarding 'dead air' plaintiff experienced with respect to several calls, sufficient to survive a motion to dismiss" because "[s]uch allegations are sufficient to 'raise a reasonable expectation that discovery will reveal evidence of' the use of an ATDS"); *e.g., Evans v. Corinthian Colleges, Inc.* 2014 U.S. Dist. LEXIS 85569 (S.D Ind. June 23, 3014). *Gamboa v. Merrick Bank Corp.,* No. 1:16-cv-02350, 2016 U.S. Dist. LEXIS 188589, *17-19 (N.D. Ga. Nov. 30, 2016) (denying defendant's motion to dismiss and finding plaintiff sufficiently plead defendant's use of an ATDS when plaintiff alleged he heard a "click, beep, or delay" prior to being connected to an operator and where plaintiff alleged that he told defendants to stop calling yet the calls continued); *White v. Synchrony Bank,* No. 8:15-cv-01205, 2015 U.S. Dist. LEXIS 134629 (M.D. Fla. Oct. 2, 2015) (denying motion to dismiss plaintiff's TCPA claim, noting that plaintiff's "allegation that [defendant] ignored his request to stop calling him supports an inference that the defendant was using [an ATDS]."); *Neptune v. Whetstone Partners, LLC,* 34 F. Supp. 2d 1247, 1250 (S.D. Fla. 2014) (finding plaintiff's TCPA claim contained sufficient factual allegations to survive defendant's motion to dismiss where plaintiff alleged that numerous calls were received over a six-month period, including multiple calls on the same day, and that defendant ignored plaintiff's demands to cease calling, concluding that such facts suggested that defendant was using an ATDS); *Maes v. Charter Commun.*, No. 18-cv-124-jdp, 2018 U.S. Dist. LEXIS 185183, at *12-14 (W.D. Wis. Oct. 30, 2018) (finding plaintiff's TCPA claim sufficient when plaintiff plead that defendant called his cell phone multiple times, after he explicitly told it not to call him, and that each time plaintiff answered, he heard a period of silence before he was connected with a defendant representative).

Accordingly, Plaintiff has plead sufficient facts to provide Defendant "with 'fair notice' of the claim and its basis." *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting

Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).  Under the Fed. R. Civ. P. 12(b)(6) standard, Plaintiff cannot be expected to plead any additional facts regarding Defendant's system without having the ability to engage in meaningful discovery, including the ability to depose individuals possessing specific knowledge of Defendant's telephone system.  To require Plaintiff to plead any additional facts without discovery would deprive the Plaintiff of the opportunity to prove her case, and would also violate basic due process fundamentals. *Torres v. Nat'l Enter. Sys., Inc.,* 2012 WL 3245520, at *3 (N.D. Ill. 2012) (holding that it would be virtually impossible, absent discovery, for any plaintiff to gather evidence regarding the type of machine used for a communication left on plaintiff's voicemail); *see also Langston v. Cach, LLC*, 14-cv-08642 at *2 (N.D. Ill. 2015) (the court found plaintiff's allegations to be sufficient to pass muster under the liberal pleading standards of Fed. R. Civ. P. 8, stating that, "The issue raised by Defendant may be resolved through reasonable discovery"); *Hayes v. Receivables Performance Mgmt., LLC*, 2018 U.S. Dist. LEXIS 165084, n. 5 (N.D. Ill. 2018) (finding that defendant's challenge of the definition of an ATDS at the pleading stage to be premature as plaintiff has not had the benefit of discovery on the system employed by defendant to place the calls in question).

     The *Gonzalez* court similarly found that, "After all, there is no way for a plaintiff to know the technological capabilities of the device used to place a call short of a caller admitting the fact presuit or the plaintiff learning that information during discovery. So [Plaintiff's] allegations—hearing a pause when he answered before hearing a voice plus his allegation that that [Defendant] used an ATDS—satisfy his burden at this stage of the proceedings. Citing *Sessions*, 317 F. Supp. 3d 1208 (concluding the plaintiff pleaded a TCPA claim by alleging "she heard a 'dead air' silence of five or more seconds before a human representative appeared on the line, which Plaintiff states is indicative of the use of an ATDS.")." *Gonzalez,* 2018 U.S. Dist. LEXIS 153480, at *16-17.

For the same reasons, Plaintiff here cannot be expected to plead anything additional without discovery. As such, Plaintiff's allegations are well-plead under the liberal pleading requirements of Fed. R. Civ. 12(b)(6) and Defendant's Motion should be denied.

While Defendant's Motion focuses on the decision in *Pinkus*, Defendant overlooks the key differences between the pleadings in that case with the instant matter. What is notably absent from Plaintiff's Complaint is any allegation of a predictive dialer. Luckily for the parties here, there is a very recent opinion that provides a lot of guidance on the exact issue raised by Defendant's argument. In *Gonzalez,* the plaintiff alleged that the defendant "called him using an autodialer, and that [plaintiff] knows this 'because of the vast number of calls he received and because he heard a pause when he answered his telephone before a voice came on the line and he received prerecorded messages' from [defendant]." The defendant in that case argued that those allegations were insufficient to state a claim that defendant used an ATDS and rather, they only implied that defendant used a ***predictive dialer***. *Gonzalez,* 2018 U.S. Dist. LEXIS 153480, at *16. The court in *Gonzalez* explicitly "disagree[d]," stating:

> [Defendant's] argument relies on a faulty premise, namely that a ***predictive dialer*** cannot be an ATDS. But as recognized by the FCC and the D.C. Circuit, it is possible for a device to be a ***predictive dialer*** and have the capacity to generate random or sequential telephone numbers and dial them. Id. at 702 (noting the FCC explained in its 2003 Order that only "some predictive dialers cannot be programmed to generate random or sequential phone numbers"). So a conclusion that the device [Defendant] used is a ***predictive dialer*** does not exclude the possibility that the device is also an ATDS." *Id.*

The court also mentioned that, "Just because the content or the number of calls may be indicative of the use of a ***predictive dialer***, that does not rule out the possibility that the ***predictive dialer*** is an ATDS." *Id.* at 16, n.8. Here, Plaintiff has not plead that Defendant used a predictive dialer, but even if Plaintiff hypothetically implied that Defendant used a predictive dialer, that does not mean that Defendant did not employ an ATDS. Plaintiff must be afforded an opportunity to engage in

13

discovery to determine the nature and functionality of Defendant's system, and thus, Defendant's Motion must be denied.

### 2. *Marks* Provides Additional Support for Plaintiff's Claims.

Defendant argues that "Plaintiff's Complaint does not plead any facts plausibly indicating that Defendant used ATDS equipment to generate and then to dial random or sequential numbers." (Dkt. 13, p. 8). However, as explained in *Marks*, "the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to dial stored numbers automatically. Accordingly, we read § 227(a)(1) to provide that the term [ATDS] means equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers." *Marks*, 2018 U.S. App. LEXIS 26883, at *25-26. See *also, Adams v. Ocwen Loan Servicing, LLC*, No. 18-81028-CIV-DIMITROULEAS, 2018 U.S. Dist. LEXIS 184513, at *8 (S.D. Fla. Oct. 26, 2018) (Upon the Court's independent review of the relevant case law, the Court agrees with the reasoning and conclusions of post-*ACA* decisions which hold that "the statutory definition of ATDS includes a device that stores telephone numbers to be called, whether or not those numbers have been generated by a random or sequential number generator").

Here, Plaintiff has defined an ATDS as "equipment which has the capacity…to ***store*** or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers." (Dkt. 1 at ¶ 25). As echoed herein, Plaintiff has plead sufficient facts in her Complaint giving rise to this inference. Defendant's phone system continued to store and dial Plaintiff's cell phone number despite Plaintiff's demands that Defendant stop contacting her. Accordingly, Defendant's argument is misguided and irrelevant, as *Marks* and its progeny clearly

14

state that systems which simply *store* numbers to be called can qualify as an ATDS. *Marks* is just another example as to why Defendant's Motion should be denied in its entirety.[1]

> B. **Plaintiff has Alleged Viable Claims under the TDCA.**

Defendant also grasps at straws in its attempt to dismiss Plaintiff's claims arising under the TDCA. Rather than setting forth the most relevant case law on the issue, Defendant merely relies on an opinion rendered at the summary judgment stage, *Robinson v. Wells Fargo Bank, N.A.*, 576 F.App'x 358 (5th Cir. 2014). First and foremost, the plaintiffs in *Robinson* were afforded the opportunity to conduct discovery. Without permitting Plaintiff here to do the same, it would be impossible for Plaintiff to allege any additional facts surrounding Defendant's intent. Rather, this Court should look at an even more recent opinion with facts nearly identical to those set forth herein.

In *Smith v. Conn Credit Corp.*, No. H-16-3572, 2017 U.S. Dist. LEXIS 51623, at *4-5 (S.D. Tex. Apr. 5, 2017), the plaintiff similarly plead that the defendant violated Tex. Fin. Code Ann. § 392.302(4) by intentionally "continu[ing] to make numerous telephone calls to Plaintiff's cellular phone," "with the purpose of harassing Plaintiff." *See* attached Exhibit A, for a true and correct copy of the plaintiff's complaint in *Smith*, ¶¶ 32-34. In denying the defendant's motion to dismiss, the *Smith* court found that, "Plaintiff has sufficiently pled violations of the TDCA by stating in her Complaint that Defendant is defined as a debt collector under TEX. FIN. CODE § 392.001(6) [Doc. No. 1 ¶ 7] as it is a person who directly or indirectly engages in debt collections and was at all material times, attempting to collect a debt relating to Plaintiff's Conn's HomePlus Account. [Doc. No. 1 ¶ 10] Plaintiff further states that Defendant violated the TEX FIN. CODE §

---

[1] Notably, despite the fact that *Marks* is the most recent federal appellate authority to address the definition of an ATDS under the TCPA, as well as the fact that Plaintiff's Complaint mirrors the language in *Marks*, Defendant neglects to address this key decision.

392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. [Doc. No. 1 ¶ 32]. After revoking any prior express consent to be contacted and notifying Defendant to cease any and all contact directly with Plaintiff, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone [Doc. No. 1 ¶ 12-15, 17, 33]. Defendant called Plaintiff's cellular telephone at least one hundred thirty three (133) times, as outlined in Exhibit "B" attached to the complaint. Plaintiff's Complaint also identifies at least seven different dates on which Plaintiff revoked any prior express consent for Defendant to contact Plaintiff, including written notice directing any contact to Plaintiff's attorney; however, the telephone calls by Defendant to Plaintiff's cellular telephone continued. [Doc. No. 1 ¶ 12-17]. Therefore, under the Twombly and Iqbal standard, Plaintiff has sufficiently stated a claim for relief under the TDCA." *Smith*, 2017 U.S. Dist. LEXIS 51623, at *4-5. The facts in the instant matter are extremely analogous to that of *Smith*. Plaintiff has properly defined Defendant as a debt collector (Dkt. 1, ¶¶ 14, 32), and has alleged that:

> "Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 20 times after being notified to stop. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls would naturally cause an individual to feel oppressed. Upon being told to stop calling, Defendant had ample reasons to be aware that it should not continue its harassing conduct. Yet, Defendant consciously chose to continue placing collection calls to Plaintiff's cellular phone in an attempt to force her into submission." (Dkt. 1, ¶¶ 35-36).

Accordingly, Plaintiff asks that this court follow the *Smith* line of reasoning in determining that Plaintiff has set forth sufficient facts to state a viable claim under the TDCA.

V. **CONCLUSION**

In light of the above, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion in its entirety. Alternatively, in the event the court finds that dismissal is

warranted, Plaintiff asks that this Court allow Plaintiff leave to amend his Complaint. *See Ford v. Neese*, 119 F.3d 560, 563 (7th Cir. 1997) (In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile).

Dated: February 1, 2019	Respectfully submitted,

<p style="margin-left:3em">s/ Taxiarchis Hatzidimitriadis<br>
Taxiarchis Hatzidimitriadis, Esq. #6319225<br>
Counsel for Plaintiff<br>
Admitted in the Northern District of Illinois<br>
Sulaiman Law Group, Ltd.<br>
2500 S. Highland Ave., Suite 200<br>
Lombard, Illinois 60148<br>
(630) 575-8181 x110 (phone)<br>
(630) 575-8188 (fax)<br>
thatz@sulaimanlaw.com</p>

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for plaintiff, certifies that on February 1, 2019, he caused a copy of the foregoing, **PLAINTIFF'S RESPONSE TO DEFENDANT SAFE HOME SECURITY, INC.'s MOTION TO DISMISS,** to be served electronically via CM/ECF system on:

<div align="center">

FISHER BROYLES, LLP
Bryan D. Pollard
4514 Cole Avenue, Suite 600
Dallas, Texas 75205
bryan.pollard@fisherbroyles.com

</div>

    Respectfully submitted,

    s/ Taxiarchis Hatzidimitriadis
    Taxiarchis Hatzidimitriadis, Esq.