# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **BARBARA SMITH,** | CASE NO.: 4:16-cv-03572 |
| Plaintiff, | |
| vs. | |
| **CONN CREDIT CORPORATION, INC.**<br>A Texas corporation, | DEMAND FOR JURY TRIAL |
| Defendant._____/ | |

## PLAINTIFF BARBARA SMITH'S VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, BARBARA SMITH (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, **CONN CREDIT CORPORATION, INC**, a Texas corporation (hereafter "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Texas Debt Collection Act, (hereafter "TDCA"), TEX. FIN. CODE §392, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereafter the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

### JURISDICTION AND VENUE

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

2. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3.    Venue is proper in this District because the Plaintiff resides in this District the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

4.    Plaintiff is an individual residing in Harris County, Texas.

5.    Plaintiff is a consumer as defined by TEX. FIN. CODE § 392.001(1).

6.    Defendant is a domestic corporation as registered with the Texas Secretary of State, Division of Corporations.

7.    Defendant is a "debt collector," as defined by TEX. FIN. CODE § 392.001(6) and the FDCPA, 15 U.S.C. §1692a(6) and does business throughout the state of Texas, including Harris County, Texas

8.    Defendant is a "person" subject to regulations under 47 U.S.C. § 227(b)(1).

9.    The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Harris County, Texas, by the Defendant's placing of telephone calls to Plaintiff's cellular telephone in an attempt to collect a debt.

10.   Defendant, at all material times, was attempting to collect a debt relating to a Conn's Home Plus, Account No. ending in – 3134.

11.   The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the, Tex. Stat. §392.001(2) and FDCPA, 15 U.S.C. §1692a(5).

12.   Plaintiff revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication on June 13, 2016 at 8:12 a.m., when Plaintiff verbally advised Defendant to stop calling her cellular telephone.

13.   On June 23, 2016 at 8:40 a.m., during a telephone call received from Defendant, Plaintiff verbally advised Defendant for the second time to stop calling her cellular telephone.

14. Plaintiff repeated her verbal revocation and request that Defendant stop calling again on June 23, 2016 at 1:18 p.m. after Defendant again contacted Plaintiff via her cellular telephone.

15. On June 29, 2016 at 4:26 p.m., Plaintiff advised Defendant for the fourth time to stop calling her cellular telephone through a facsimile transmission to Defendant's facsimile no. (409) 835-1868. See facsimile confirmation attached as Exhibit "A."

16. In addition to the request not to be contacted by Defendant, Plaintiff's facsimile transmission directed Defendant to contact Plaintiff's attorney and included the name of the law firm representing Plaintiff and the contact information for the law firm.

17. Defendant continued to contact Plaintiff via her cellular telephone despite her revocation of contact and advisement of representation by counsel. Plaintiff again advised Defendant on July 5, 2016 at 2:10 p.m., July 6, 2016 at 8:32 a.m., and July 10, 2016 at 1:26 p.m. to stop calling her cellular telephone.

18. Plaintiff is the regular user and carrier of the cellular telephone number ending in -5689 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

19. Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff on multiple occasions to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

20. Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice that Plaintiff was represented by an attorney and could readily ascertain the Firm's contact information.

21. Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiffs to cease any and all calls.

22. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone on the following dates and times listed on the call logs of Plaintiff attached as Exhibit "B."

23. Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

24. Plaintiff did not speak with a representative during the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiff after Plaintiff answered the telephone call.

25. Defendant left messages on Plaintiff's cellular telephone that started with a delay in time before the representative joined the line to leave a message.

26. Some of the voicemail messages received by Plaintiff on her cellular telephone from Defendant sounded like an artificial or pre-recorded voice requesting a return call from Plaintiff.

27. Plaintiff's attorney did not fail to respond within a reasonable period of time to any communication from Defendant, did not consent to Defendant's direct communication with Plaintiff, and Plaintiff did not initiate any communications.

28. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

29. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

30. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE TDCA, TEX. FIN. CODE § 392

31. Plaintiff incorporates all allegations in paragraphs 1-30 as if stated fully herein.

32. Defendant violated the TEX FIN. CODE § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

33. Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone.

34. Defendant's acts as described above were done intentionally with the purpose of harassing Plaintiff.

**WHEREFORE**, Plaintiff, BARBARA SMITH, demands judgment against Defendant, CONN'S CREDIT CORPORATION, INC., a Texas corporation, for the following relief:

    a. any actual damages sustained by Plaintiff as a result of the above allegations;

    b. statutory damages pursuant to TEX. FIN. CODE § 392.403(e);

    c. pursuant to TEX. FIN. CODE § 392.403(a)(1), injunctive relief of the above violations;

    d. in the case of a successful action sustaining the liability of Defendant, pursuant to the TEX FIN. CODE § 392.403(b), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

    e. any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692c(a)(2)

35. Plaintiff incorporates all allegations in paragraphs 1-30 as if stated fully herein.

36. Defendant violated the FDCPA, 15 U.S.C. § 1692c(a)(2), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

37. Specifically, Defendant continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, **BARBARA SMITH**, demands judgment against Defendant, CONN'S CREDIT CORPORATION, INC., a Texas corporation, for the following relief:

    a. any actual damages sustained by Plaintiff as a result of the above allegations;

    b. statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) in an amount up to $1,000.00;

    c. in the case of a successful action sustaining the liability of Defendant, pursuant to 15 U.S.C. § 1692k(a)(3), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

    d. any other relief the Court deems just and proper.

## COUNT III
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

38. Plaintiff incorporates all allegations in paragraphs 1-30 as if stated fully herein.

39. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

40. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

41. Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

42. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, BARBARA SMITH, demands judgment against Defendant, CONN'S CREDIT CORPORATION, INC., a Texas corporation, for the following relief:

    a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after June 13, 2016;

    b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

    c. any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

[THIS SPACE INTENTIONALLY LEFT BLANK]

## VERIFICATION

Under penalty of perjury, I have read the foregoing and it is true and correct.

*/s/ Barbara Smith*
BARBARA SMITH

STATE OF TEXAS

COUNTY OF __Harris__

The foregoing instrument was subscribed, acknowledged, sworn to and affirmed before me this __26__ day of __September__, 2016, by BARBARA SMITH, who is personally known to me or who produced __Texas, DL__ as identification and who did take an oath.

EDUARDO BARBOZA ROSALES
My Commission Expires
January 22, 2019

Signature of Notary Public
Print, Type, Stamp Name of Notary
Eduardo Barboza Rosales

Date: __09/26/2016__

**BOSS LAW**

/s/ Allan J. Boss
**Allan J. Boss, Esq., of counsel**
Attorney-in-charge
TX Bar No.: 00789162
Southern District TX Bar No: 187916
**Christopher W. Boss, Esq.**
FL Bar No. 13183
Email: cpservice@protectyourfuture.com
9887 4th Street N., Ste. 202
St. Petersburg, FL 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiff**

8